Nathan Brown
Brown Patent Law
15100 N. 78th Way Suite 203
Scottsdale, AZ 85260
Nathan.Brown@BrownPatentLaw.com
602-529-3474

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kristina Hoard, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>LoanDepot.com, LLC, a Delaware company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Kristina Hoard ("Plaintiff" or "Hoard") brings this Class Action Complaint and Demand for Jury Trial against Defendant LOANDEPOT.COM, LLC ("Defendant" or "LoanDepot") to stop the Defendant from violating the Telephone Consumer Protection Act by making telemarketing calls, including calls made using artificial or pre-recorded voice messages, to cellular telephone numbers without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Hoard, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Kristina Hoard is a resident of Phoenix, Arizona.

2. Defendant LoanDepot is a Delaware registered corporation headquartered in Foothill Ranch, Lake Forest, California. Defendant LoanDepot conducts business throughout this District and the U.S.

**JURISDICTION AND VENUE**

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant and venue is proper because the Defendant because the wrongful conduct giving rise to this case was directed by the Defendant to this District as part of the business Defendant regularly conducts here.

**INTRODUCTION**

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful robocalling technology, telemarketers were calling 104 million Americans every day. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

10. According to online robocall tracking service "YouMail," 4.2 billion robocalls were placed in July 2021 alone, at a rate of 136.3 million calls per day. www.robocallindex.com (last visited August 16, 2021).

11. The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Defendant LoanDepot offers home loans to consumers nationwide.[3]

15. Defendant LoanDepot uses telemarketing and cold calling to solicit their products and services to potential customers across the country, including calls to consumers whose numbers are listed on the National Do Not Call Registry, like Plaintiff Hoard's phone number.

16. Defendant LoanDepot also calls consumers with a pre-recorded voice message without first obtaining the consumer's prior express written consent, like Plaintiff Hoard.

17. Defendant LoanDepot also calls consumers repeatedly, failing to comply with the consumers' instructions to stop calling them and to take them off their calling lists.

18. Several employees of the Defendant have mentioned the Defendant's practice of cold calling in the reviews they have posted online. For example:

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/loandepot/about/

CLASS ACTION COMPLAINT
-4-

- A review[4] posted on April 29, 2021:

  **Very repetitive**

  Customer Lending Representative (Former Employee) - Plano, TX - April 29, 2021

  A little competitive since you're ranked amongst your peers. Very repetitive which I personally can't stand. The call center position I think is lonely and draining.

  ✓ Pros
  Hour lunch and 2 15min breaks

  ✗ Cons
  They say no cold calling but I would consider it cold calling

- A review[5] posted on July 18, 2019:

  **"Customer Service"**

  Customer Lending Representative (Former Employee) - Lake Forest, CA - July 18, 2019

  I was told I would be helping people who were interested in getting a home or personal loan and these were NOT cold calls and these people actually wanted information from us. This could not be farther from the truth. Our job was to harass people by calling them 50 times a day until they picked up, and when they did pick up they were so upset they would threaten me and even tell me the ways they wanted to kill me. 99% of the people I had to call were not interested in any loan and told me Loan Depot had stolen their personal information.

19.     Several consumers have posted complaints online about the unsolicited telemarketing calls they received from Defendant LoanDepot. For instance:

- "The robot female voice asked me to call back. They identified themselves as loanDepot."[6]

- "Caller ID says LoanDepot, silent robocall – calls continuously all day"[7]

- "Loan Depot for Regi…????????????"[8]

- "they call several times a day. I don't want any voicemail from them"[9]

---

[4] https://www.indeed.com/cmp/Loandepot/reviews?fjobtitle=Customer+Representative
[5] *Id.*
[6] https://www.shouldianswer.com/phone-number/8662321321
[7] https://800notes.com/Phone.aspx/1-559-531-7484
[8] https://www.shouldianswer.com/phone-number/8669659011
[9] *Id.*

CLASS ACTION COMPLAINT
-5-

- "They are using 'robocalling' to blow up my phone. I called the number listed on their website (which was different than the number calling me) and asked about the robocalling. The first question out of the 'customer care representative' was "can I have your phone number to put on the no call list?". My response was "I'm already on the no call list, no you may not have my number". I was able to have the representative admit to them using robocalling. I also advised them that I was going to be filing a complaint with the FCC, and I did. I also thought it was ironic that Loandepot has a tag that says they are 'an accredited BBB business'. I hope the BBB contacts them and removes that accreditation."[10]

- "Spam called me 5+ times a day, and I'm not even a client. I'm disturbed that this company would think it would get me their business by calling more than a stalker would, I'm creeped out, and I would like to file a "stop stalking people to try to get business" complaint."[11]

- "on 6/15/21 at 3:20PM EST, I received a sixth call from Loandepot agent. I advised that this was my sixth call and that I have requested on each call to no longer be contacted and to be removed from their calling list. I advised that I already refinanced previously with another company and did not need their services. The calls just continue to the point I feel harrassed. The call on 6/15/2021, a representative by the name of "******" refused to listen to me and continued to pressure and ask personal questions regarding my rate and status. I again asked him to remove me from the list and he continued to try to pressure me. I asked for his last name, he refused. I asked for his supervisor name, he refused. Then he stated that I was just complaining over and

---

[10] https://www.bbb.org/us/ca/foothill-ranch/profile/loans/loandepot-1126-100089796/customer-reviews
[11] *Id.*

CLASS ACTION COMPLAINT
-6-

over...then he hung the phone. This is unprofessional, non-consumer friendly and disrespectful. I want the phone calls to cease immediately"[12]

20. Several consumers have posted complaints online about receiving pre-recorded calls from Defendant LoanDepot[13] like the one received by the Plaintiff, along with several such call recordings:

> Press two. To hear the phone number press three. To accept press one to send a voicemail press two. To hear the phone number press three. To accept press one to send a voicemail press two. To hear the phone number press three.

> In case of a fast pick up. We ask you to let us know that you're not a voicemail system. So you need to press one to take this call. Okay. I send the caller to voicemail. Goodbye.

> Hi this is Savannah calling again from Loan Depot. One of the largest Home Loan lenders in the country and I have some great news regarding your application. If you're no longer interested in mortgage information please press # to opt out or call us at 866-965-9011. I will be here until 8:00 PM Pacific Time to answer any questions you may have. So please call me back at 866-965-9011. Again that number is 866-965-9011. I look forward to hearing from you soon. Have a great day.

> Hi this is Savannah from Loan Depot with some great news regarding your recent mortgage refinance application. If you're no longer interested in mortgage information please press # to opt out or call us at 866-965-9011. We are missing just a few pieces of critical information necessary and getting you fully approved and.

> Hi there this is Savannah calling you again from Loan Depot about the home financing information you requested. If you're no longer interested in mortgage information please press # to opt out or call us at 866-965-9011. Home Depot helped thousands of people each month obtain the lowest monthly mortgage payments. It will only take you a few minutes to get a new obligation quote and it could save you thousands on your mortgage. Please give us a call back at 866-965-9011. Again 866-965-9011. Thank you and I hope to hear from you soon.

---

[12] https://www.bbb.org/us/ca/foothill-ranch/profile/loans/loandepot-1126-100089796/complaints
[13]

CLASS ACTION COMPLAINT
-7-

21. In response to these calls, Plaintiff Hoard files this lawsuit seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Class and costs.

**PLAINTIFF HOARD'S ALLEGATIONS**

22. Plaintiff Hoard registered her cell phone number on the DNC on March 27, 2019.

23. Plaintiff Hoard uses her cell phone for personal use only. It is not associated with a business.

24. On August 3, 2021, at 8:54 am, Plaintiff Hoard received a call on her cell phone number from the phone number 602-428-7866. Plaintiff Hoard answered the call and a pre-recorded message began to play regarding getting money to pay off outstanding debts.

25. The prerecorded message identified LoanDepot as the caller and services being offered.

26. Plaintiff knew the message was prerecorded because when the message about paying off debts concluded stating that Plaintiff could qualify, a live agent came on the line.

27. Plaintiff called the number that called her back and informed the caller that LoanDepot should not be calling her.

28. Plaintiff Hoard did not provide her consent to LoanDepot to place pre-recorded or any other type of calls to her cell phone number.

29. The unauthorized solicitation telephone calls that Plaintiff received from Defendant, as alleged herein, has harmed Plaintiff Hoard in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

30. Seeking redress for these injuries, Plaintiff Hoard, on behalf of herself and Classes of similarly situated individuals, brings suit under the TCPA.

# CLASS ALLEGATIONS

31. Plaintiff Hoard brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent on Defendant's behalf) called on their telephone number (2) using a pre-recorded voice message, and (3) for whom the Defendant claims it obtained consent to call the person or the person's number in the same manner as Defendant claims it supposedly obtained consent to call Plaintiff or Plaintiff's number.

32. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Hoard anticipates the need to amend the Class definition following appropriate discovery.

33. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class because he received calls as part of the same telemarketing campaign resulting in calls to other Class members.

34. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether the Defendant placed pre-recorded voice message calls to Plaintiff Hoard and members of the Pre-recorded No Consent Class;

(b) whether the calls were made without first obtaining prior express written consent of Plaintiff Hoard and members of the Pre-recorded No Consent Class;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

35. **Adequate Representation**: Plaintiff Hoard will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class actions. Plaintiff Hoard has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Hoard and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Hoard nor his counsel have any interest adverse to the Class.

36. **Appropriateness**: This class action is also appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff Hoard. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Hoard and the Pre-recorded No Consent Class)**

37. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

38. Defendant LoanDepot transmitted unwanted solicitation telephone calls to Plaintiff Hoard and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

39. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Hoard and the other members of the Pre-recorded No Consent Class.

40. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Hoard and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation, as well as injunctive relief.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Hoard individually and on behalf of the Class, prays for the following relief:

a. An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff Hoard as the representative of the Classes; and appointing his attorneys as Class Counsel;

b. An award of actual and/or statutory damages and costs;

c. An order declaring that Defendant's actions, as set out above, violate the TCPA;

d. An injunction requiring the Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e. Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Hoard requests a jury trial.

**KRISTINA HOARD**, individually and on behalf of all others similarly situated,

CLASS ACTION COMPLAINT
-11-

DATED this 27th day of August, 2021.

By: /s/ Nathan Brown
Nathan Brown (SBN 033482)
BROWN PATENT LAW
15100 N 78th Way Suite 203
Scottsdale, AZ 85260
Phone: 602-529-3474
Email: Nathan.Brown@BrownPatentLaw.com

Anthony I. Paronich*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

* Subject to Pro Hac Vice


*Attorneys for Plaintiff and the putative Class*

CLASS ACTION COMPLAINT
-12-