David S. Norris (AZ Bar No. 034309)
david.norris@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 528-4000
Facsimile: (602) 253-8129

Eric J. Troutman (*pro hac vice* forthcoming)
eric.troutman@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone: (213) 624-2500
Facsimile: (213) 623-4581

*Attorneys for Defendant loanDepot.com, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Kristina Hoard, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LoanDepot.com, LLC, a Delaware company,<br><br>Defendant. | Case No. CV-21-1483-PHX-JJT<br><br>**DEFENDANT LOANDEPOT.COM, LLC'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>***Oral Argument Requested*** |

Defendant loanDepot.com, LLC ("loanDepot") respectfully moves this Court for an order dismissing Plaintiff Kristina Hoard's First Amended Complaint ("FAC") [ECF No. 12] pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), on the grounds that the Telephone Consumer Protection Act ("TCPA") is an unconstitutional statute, and loanDepot cannot be held liable for allegedly violating an unconstitutional statute..

# MEMORANDUM OF POINTS AND AUTHORITIES

As detailed below, the TCPA is an unconstitutional statute due to the sheer volume of content-based exemptions contained within it, none of which survive strict scrutiny. It thus cannot be enforced against loanDepot, and Plaintiff's First Amended Complaint should be dismissed.

## I. INTRODUCTION

When the TCPA was implemented in 1991, Congress found that "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms of speech and trade must be balanced in a way that protects the privacy of individuals and permits legitimate telemarketing practices." [TCPA] of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (codified at 47 U.S.C. § 227). But this balance was not achieved, resulting instead in an overly broad statute that regulated a wider variety of calls than was ever needed to protect consumer privacy. A number of content-based exemptions were included or added to try to trim it down to size, but these exemptions do not pass strict scrutiny and cannot be severed. Because the TCPA is an unconstitutional law, loanDepot cannot be held liable for conduct that allegedly occurred under it.

## II. BACKGROUND

### A. The Present Action.

Plaintiff asserts two claims against loanDepot for alleged violations of the TCPA, 47 U.S.C. § 227(b). *See* FAC ¶¶ 38-47. Plaintiff alleges that loanDepot made three unsolicited call on August 3, 2021 to Plaintiff's cell phone. *Id.* ¶ 22-28.

Plaintiff further alleges that loanDepot used a prerecorded message as defined by 47 U.S.C. § 227 (b)(1) in placing this call and that loanDepot called Plaintiff while she was listed on the National Do-Not-Call Registry. *See id.* ¶¶ 24, 43-44. Based on these purported calls, Plaintiff asks the Court to certify a nationwide TCPA, alleging that prerecorded voice calls were purportedly made in violation of the automated dialing ban provisions. *Id.* ¶¶ 13.

**B. The Supreme Court Found the TCPA Unconstitutional, and Severed One Exemption.**

Before Plaintiff filed the instant action, the Supreme Court held that the TCPA was a content-based restriction that violated the First Amendment. *Barr v. Am. Ass'n of Political Consultants, Inc.*, 140 S. Ct. 2335, 2346 (2020) ("*AAPC*"). On July 6, 2020, the Supreme Court in *AAPC* held that the government-backed debt exception—added in 2015—impermissibly treated speech to collect a debt issued or guaranteed by the federal government more favorably than other forms of speech, in violation of the First Amendment. 140 S. Ct. at 2343, 2347. The Court severed the government-backed debt exemption prospectively. *Id.* at 2343. Only the government-backed debt exemption was before the Court in *AAPC*—the Court did not consider any of the other content-based exemptions contained within the TCPA.

## III. LEGAL STANDARD

Dismissal is proper under Rule 12(b)(1) when a court lacks subject-matter jurisdiction. A Rule 12(b)(1) motion may be presented as either a facial or factual challenge to the court's subject-matter jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Although "the Court accepts as true all factual allegations and construes the pleadings in the light most favorable to the plaintiff," *Nat'l Coalition for Men v. Selective Serv. Sys.*, No. 13-cv-2391 DSF (MANx), 2016 WL 11605246, at *1 (C.D. Cal. Nov. 9, 2016), the burden is on the plaintiff to establish subject-matter jurisdiction, *Bishop Paiute Tribe v. Inyo County*, 863 F.3d 1144, 1151 (9th Cir. 2017).

Federal courts lack subject-matter jurisdiction over unconstitutional statutes because "a law repugnant to the constitution is void." *Marbury v. Madison*, 5 U.S. 137, 180 (1803); *see also Ex parte Siebold*, 100 U.S. 371, 376 (1879) (an unconstitutional law is "void, and is as no law"); *United States v. Baucum*, 80 F.3d 539, 540- 41 (D.C. Cir. 1996) ("It is true that once a statute has been declared unconstitutional, the federal courts thereafter have no jurisdiction over alleged violations (since there is no valid 'law of the United States' to enforce).") (per curiam).

Furthermore, a complaint that "fail[s] to state a claim upon which relief can be granted" is subject to dismissal under Rule 12(b)(6). Under this rule, a complaint should be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## IV. ARGUMENT

Plaintiff's FAC should be dismissed because the TCPA was, and is, a facially unconstitutional statute that does not survive strict scrutiny. *AAPC*'s severance of the government-debt exemption clearly demonstrated that content-specific exemptions to the TCPA raise major constitutional infirmities and must be addressed. The TCPA's multiple content-based exemptions that were *not* raised or considered in *AAPC* are overly broad, violate the First Amendment, and cannot be severed to save the statute.

### A. The TCPA Remains Riddled with Content-Specific Exemptions.

The text of the TCPA, and the FCC's implementation of it, contain numerous content-based restrictions that were not severed (or addressed) in *AAPC*. These include exemptions for: i) emergency calls;[1] ii) "autodialed or prerecorded message calls by a wireless carrier to its customer when the customer is not charged";[2] iii) certain healthcare-related calls;[3] iv) certain package-delivery notifications;[4] v) schools to communicate with

[1] 47 U.S.C. § 277(b)(1)(A) (emergency calls).

[2] 77 Fed. Reg. 34233, 34236 (June 11, 2012).

[3] 47 C.F.R. § 64.1200(a)(3)(v).

[4] *In re Cargo Airline Ass'n*, 29 FCC Rcd 3432, 3437-3438 (2014).

students and parents;[5] and vi) certain messages by banks pertaining to fraud.[6] Additionally, the requirement of a higher level of consent for calls made for a marketing purpose rather than calls made for an informational purpose creates another a content-based distinction.[7] Like the government-backed debt exemption at issue in *AAPC*, each and every one of these exemptions renders the TCPA an unconstitutional content-specific restriction on speech. *AAPC*, 140 S. Ct. at 2347; *Reed v. Town of Gilbert*, 576 U.S. 155, 162 (2015).

**B. The Content-Based Exemptions Do Not Survive Strict Scrutiny.**

To determine if a content-based restriction withstands strict scrutiny, the reviewing court "must identify with care the interests the State itself asserts" and may not "supplant the precise interests put forward by the State with other suppositions." *Edenfield v. Fane*, 507 U.S. 761, 768 (1993). The burden is on the party defending a content-based restriction to advance evidence that the harms Congress identified are real. *Id.*; *Consol. Edison Co. of N.Y., Inc. v. Pub. Serv. Comm'n*, 447 U.S. 530, 543 (1980) ("Mere speculation of harm does not constitute a compelling state interest."). In *AAPC*, the Supreme Court recently that "collecting government debt"—though a "worthy goal"—"cannot satisfy strict scrutiny." 140 S. Ct. at 2347.

Similarly, none of the other content-based exemptions remaining in the TCPA can survive strict scrutiny. Even the "emergency purposes" exemption, which comes closest, is so ephemeral as to remain both an under- and over-inclusive restriction on speech. *See* 47 U.S.C. § 227(b)(1)(A)(iii). The others do not come close. While many of the FCC's exemptions—i.e., healthcare, package delivery, or fraud notification messages—look at "urgency" or the need for "time sensitive" communication, they can hardly be considered "narrowly tailored" to a "compelling" governmental interest. *See Reed*, 576 U.S. at 163.

---

[5] *In re Rules & Regs. Implementing [TCPA] of 1991*, CG Docket No. 02-278, FCC 16-88 (Aug. 4, 2016).

[6] 30 FCC Rcd 7961, 8025 (2015).

[7] 30 FCC Rcd at 7968.

### C. The TCPA's Additional Content-Based Exemptions Should Not—and Cannot—Be Severed to Save the Statute as Applied to loanDepot.

While *AAPC* forecloses any argument that the TCPA is unconstitutionally applied due to the single content-based exemption addressed in that case, nothing in the *AAPC* ruling mandates that a statute containing *numerous* content-based exemptions should always survive constitutional scrutiny. In order to save the TCPA, this Court would have to sever the *seven* separate exemptions discussed above. The Court severed the single exemption in *AAPC* in recognition that Congress likely intended that result, since that exemption was added late in the statute's life. *See* 140 S. Ct. at 2356. But many of the TCPA's other content-specific exemptions have existed for much longer and have persisted through multiple amendments to the statute.[8] There is no basis to conclude that Congress's intent would be to uphold the TCPA if its provisions were applied with complete uniformity to marketers and debt collectors on the one hand and schools, hospitals, and delivery companies, and banks delivering fraud notifications on the other.

Moreover, there remains significant doubt that this Court could sever the TCPA exemptions even if it wanted to, as the Hobbs Act appears to deprive courts of jurisdiction to sever FCC exemptions.[9] If the exemptions cannot be severed, the statute is unconstitutional due to its numerous content-based restrictions that do not survive strict scrutiny, and cannot be saved.

---

[8] The TCPA was amended in 2003 and again in 2015. *See* CG Docket No. 02-278, FCC 03-153; Bipartisan Budget Act of 2015, Pub. L. No. 114-74, 129 Stat. 584; *see, e.g.*, 77 Fed. Reg. at 34235.

[9] Although the application of the Hobbs Act as a bar to judicial review of agency action was in some doubt following the Supreme Court's ruling in *PDR Network, LLC v. Carlton & Harris Chiropractic, Inc.*, 139 S. Ct. 2051, 2054-56 (2019), this and other courts have noted that litigators "cannot place much reliance on the opinion, because all it did was remand the case to the lower courts in order to address two 'preliminary issues,'" and "the Seventh Circuit instructs that district courts must presume the agency actions are 'valid.'" *Ind. R.R. Co. v. Ill. Commerce Comm'n*, 491 F. Supp. 3d 344, 349-50 (N.D. Ill. 2020) (quoting *CE Design, Ltd. v. Prism Bus. Media, Inc.*, 606 F.3d 443, 449 (7th Cir. 2010)).

loanDepot submits that the proper course is to scrutinize the great breadth of the TCPA's restrictions on use of a prerecorded voice itself to determine whether the statute can be constitutionally applied. Here, as demonstrated by its numerous carve-outs, the TCPA is not narrowly tailored to a compelling government interest, but is fashioned extremely broadly to cover both *wanted* and *unwanted* calls alike.[10] These carve-outs do not further the underlying purpose of the statute—to protect consumer privacy—but rather reflect that certain calls regulated by the statute *did not infringe upon that interest to begin with*.

*AAPC* squarely compels a determination that the TCPA's numerous content-based exemptions must be struck down unless they survive strict scrutiny, which they do not. loanDepot, therefore, is entitled to one of two remedies: i) either all of the TCPA's content-based restrictions must be struck down and the statute must be expanded to apply uniformly to all speech made using an ATDS or prerecorded voice; or ii) the TCPA's entire ATDS and prerecorded voice restriction must be struck down as an overly broad and unconstitutional restriction on speech. In the absence of any evidence that Congress would want the restrictions of the TCPA to apply so broadly—and given the Court's likely lack of jurisdiction to sever FCC exemptions under the Hobbs Act—loanDepot submits that the second course is the most prudent and appropriate.

## V. <u>CONCLUSION</u>

For the foregoing reasons, loanDepot respectfully requests that the Court grant its Motion to Dismiss Plaintiff's First Amended Complaint with prejudice.

/ / /

/ / /

[10] While the statute affords a defense for "consented" calls, *see* 47 U.S.C. § 227(b)(1)(A), not all uninvited calls are unwanted, or vice versa.

RESPECTFULLY SUBMITTED this 23rd day of November, 2021.

By: *s/ David S. Norris*
David S. Norris
SQUIRE PATTON BOGGS (US) LLP
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 528-4000
Facsimile: (602) 253-8129

Eric J. Troutman (*pro hac vice* forthcoming)
SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone: (213) 624-2500
Facsimile: (213) 623-4581

Attorneys for Defendant loanDepot.com, LLC